**GENERAL ELECTRIC CREDIT CORPORATION, Plaintiff-Appellant,**

v.

**T. R. GRUBBS d/b/a T. R. Grubbs Tire & Appliance, Defendant-Appellee.**

**No. 74–3186.**

United States Court of Appeals, Fifth Circuit.

June 2, 1975.

Rehearing and Rehearing En Banc Denied July 2, 1975.

H. Dee Johnson, Jr., Hubert D. Johnson, Dallas, Tex., for plaintiff-appellant.

J. R. Cornelius, Jefferson, Tex., James R. Cornelius, Jr., Lufkin, Tex., for defendant-appellee.

B. A. Britt, Jr., Texarkana, Tex., for Goodyear Tire.

J. W. Falvey, Jr., Longview, Tex., for EAC Credit Corp.

Before CLARK, Associate Justice,* and GOLDBERG and AINSWORTH, Circuit Judges.

PER CURIAM:

The judgment of the trial court is affirmed. Careful examination of the record shows that the trial judge's findings are not clearly erroneous. As to the claim of appellant that any award of damages in excess of $20,000 was foreclosed by Grubbs' failure to cross-appeal and complain of the initial award in this amount (which was specifically denied by the trial judge by order dated February 26, 1974, but not mentioned in his memorandum of decision dated July 18, 1974, and which is the basis of our affirmance) we need only point to the language of this court on remand of the case:

Needless to say, we cannot accept the trial court's award of $20,000 as a blanket recovery for "destruction of Grubbs' business." . . . On remand Grubbs' recovery is to be limited to (1) credit for "trust receipt" merchandise which was not credited to him when trust receipts financing was terminated, (2) Grubbs' losses on accounts which he had the sole right to collect, caused by the mailing of the "direct pay" notices, and (3) credit for merchandise wrongfully repossessed from Grubbs' customers and sold.

. . . [W]e reverse the award of $20,000 in damages on Grubbs' counterclaim, and remand for a precise determination of damages on his counterclaim.

478 F.2d 53, 58–59.

Affirmed.

---

* Of the Supreme Court of the United States, (Retired) sitting by designation.